IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| | : | Case No. 2:17-cr-261 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| TREVOR SCOTT SANDS, | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Withdraw Guilty Plea. (ECF No. 82). The Government filed a response opposing Defendant's motion for the reasons Defendant asserts, but ultimately conceding Defendant should be permitted to withdraw pursuant to the First Step Act. (ECF No. 90). For the reasons set forth below, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

Defendant was indicted by a Franklin County Grand Jury and charged with six counts of violating the Hobbs Act and five counts of brandishing a firearm during the commission of the Hobbs Act robberies. (ECF No. 85 at 46). On November 1, 2018, Defendant withdrew his previous plea of Not Guilty and thereby entered a guilty plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 85 at 3). Pursuant to the plea agreement, Defendant agreed to plead guilty to five counts of violating the Hobbs Act and two counts of brandishing a firearm. (ECF No. 85 at 6). The Government dismissed the remaining three counts of

1

brandishing a firearm. (ECF No. 85 at 6). Defendant consulted with counsel on December 14, 2018 and discussed his desire to withdraw from the plea agreement with the Government. (ECF No. 82). On December 17, 2018, Defendant filed his Motion to withdraw his previous plea of Guilty. (ECF No. 82).

The Government filed a response opposing the basis for Defendant's motion to withdraw. (ECF No. 90 at 4). The Government now has conceded, however, that Defendant should be permitted to withdraw his guilty plea because of the enactment of the First Step Act. (ECF No. 90 at 6).

## II. LAW AND ANALYSIS

The Sixth Amendment to the United States Constitution guarantees, in relevant part, a defendant the right to a "public trial, by an impartial jury of the State." Indeed, the Supreme Court has recognized "[t]rial by jury ...as the 'normal and preferable mode of disposing of issues of fact in criminal cases.'" *Singer v. United States*, 380 U.S. 24, 35 (1965). Nevertheless, a defendant may find it more advantageous to enter into a plea agreement with the prosecution, and the constitutionality of such agreements has been upheld. *Brady v. United States*, 397 U.S. 742, 752 (1970). If a defendant later wishes to withdraw a guilty plea, he may do so after the court has accepted the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether a defendant has demonstrated a "fair and just reason" for withdrawal of his plea, this Court considers seven factors:

> (1) The amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the

criminal justice system; and (7) potential of prejudice to the government if the motion to withdraw is granted.

*United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (quoting *United States v. Bashara*, 27 F.3d 1171, 1184 (6th Cir. 1994), *superseded on other grounds as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)). The *Benton* factors are a "non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Therefore, it is unnecessary to address each of the factors if a defendant can demonstrate any "fair and just" reason for withdrawing his plea. *Id.*

### A. The degree to which the defendant has had prior experience with the criminal justice system.

First, Defendant has had no prior encounters with the criminal justice system. (ECF No. 82 at 6). The Sixth Circuit has found a defendant familiar with the criminal justice system when he has previously committed felonies and served parole. *United States v. Kirkland*, 578 F.2d 170, 171-72 (6th Cir. 1978) (holding that the defendant, who had seven prior felonies, was knowledgeable enough about the criminal justice system to understand the consequences of the guilty plea he entered). Here, Defendant has no prior criminal convictions, and this represents his first experience with the criminal judicial system. Thus, Defendant lacks familiarity with the criminal justice system, and this factor does not militate against withdrawal.

### B. The circumstances underlying the entry of the guilty plea.

Defendant asserts his plea was motivated solely to avoid placing the stress and burdens of trial on his mother and friend, both of whom were subpoenaed by the Government. (ECF No. 82 at 5-6). The purpose of this factor is "to allow a hastily entered plea made with unsure heart and confused mind to be undone." *Bashara*, 27 F.3d at 1181. Here, Defendant alleges he was coerced into pleading guilty and the Government's subpoena of his mother and friend "cloud[ed] his

3

judgment." (ECF No. 82 at 3). Moreover, he asserts his mother was unable to withstand the inherent stress that would result from her involvement in the trial. (ECF No. 82 at 5-6). Therefore, although Defendant entered the plea agreement knowingly and voluntarily, the circumstances underlying his entry of the guilty plea weigh in favor of permitting him to withdraw his plea.

### C. Whether the defendant has asserted or maintained his innocence.

Defendant asserts that, despite having entered a guilty plea, he still maintained his innocence throughout the proceedings. (ECF No. 82 at 5). Though a defendant may plead guilty, he may maintain his innocence by entering an *Alford* plea or no contest plea. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Here, Defendant did not enter an *Alford* plea or a no contest plea, but asserts his plea was executed much like an *Alford* plea. (ECF No. 82 at 3). He claims that he did not plead guilty "as an admission of his true culpability," but instead pled guilty to avoid involving his mother and friend in the trial proceedings. (ECF No. 82 at 3). Moreover, Defendant initially pled not guilty and he asserts that he continued to challenge his guilt after entering the guilty plea. (ECF No. 82 at 2). Thus, although Defendant did not adhere to the formality of entering an *Alford* Plea, it appears he subjectively believed he has asserted and maintained his innocence. This factor, too, weighs in favor of permitting withdrawal.

### D. The potential of prejudice to the government if the motion to withdraw is granted.

The Government opposes Defendant's motion to withdraw the plea based on the reasons asserted by Defendant, but nevertheless concedes that Defendant's motion to withdraw should be granted because of the First Step Act. (ECF No. 90). Under the First Step Act, § 924(c) no longer applies to Defendant, and he therefore no longer faces the potential 25-year mandatory minimum sentence under Count 2 pursuant to the plea agreement. 18 U.S.C. § 924(c)(1)(C). Instead,

4

Defendant is subject to a mandatory minimum of seven years. First Step Act of 2018, Pub. L. No. 115-391, § 924(c), 132 Stat 5194 (amended 2018). As a result, the Government asserts Defendant should be allowed to withdraw his plea, and does not address prejudice to the Government's position. (ECF No. 90).

### E. The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings.

Defendant does not assert that his motion to withdraw should be granted because of the First Step Act; however, Defendant could not have provided this reason because the First Step Act passed just days after he filed his motion to withdraw. (ECF No. 82). Still, when the grounds for requesting a plea withdrawal only exist after the defendant has entered the plea agreement, the defendant has a valid reason for failing to move for withdrawal earlier. *Spencer*, 836 F.2d at 239. In the present case, Defendant filed his motion to withdraw on December 17, 2018 and the First Step Act was signed on December 21, 2018. (ECF No. 82). Therefore, though the Government concedes the First Step Act provided the grounds for requesting a plea withdrawal after Defendant entered his plea agreement, he could not have provided this as a valid reason at the time he filed his motion for failing to withdraw earlier.

### F. The amount of time that elapsed between the plea and the motion to withdraw.

The length of time that has elapsed between Defendant's guilty plea and his motion to withdraw does not weigh in favor of Defendant. The purpose of allowing a defendant to withdraw a guilty plea is not to "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (quoting *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984). In fact, a defendant who waited thirty-five days before moving to withdraw his guilty plea was considered excessive. *Id.* at 239. Here, Defendant

5

waited forty-five days after entering his plea agreement before filling his Motion to withdraw. (ECF No. 82). Therefore, Defendant's lengthy delay does not weigh in favor of permitting him to withdraw his plea.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Despite Defendant's lengthy delay, on balance, the other factors weigh in favor of permitting Defendant to withdraw his plea. Defendant's plea of guilty is, hereby, withdrawn. The trial in this case is scheduled to begin on April 29, 2019, and the parties are to adhere to the scheduling order attached hereto and made a part hereof.

**IT IS SO ORDERED.**

                                                     _s/ Algenon L. Marbley_
                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED: February 22, 2019**