IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | Case No. 2:17-cr-261 |
| v. | |
| | JUDGE ALGENON L. MARBLEY |
| TREVOR SCOTT SANDS, | |
| Defendant. | |

## OPINION & ORDER

This matter comes before the Court on the United States's Motion for Reconsideration. For the reasons below, the Government's Motion is **GRANTED**.

## I. Background

Defendant Trevor Scott Sands was indicted in November 2017 on one count of interference with interstate commerce by armed robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii) and (2). A superseding indictment was filed in May 2018, adding five additional robbery counts and five additional firearms counts, for a total of twelve counts. In June 2017, the Columbus Police Department had applied for a court order for Mr. Sands' cell-site location information ("CSLI") pursuant to 18 U.S.C. § 2703 (the Stored Communications Act, or "SCA"). In August 2018, Mr. Sands moved to suppress the CSLI, arguing that because it was obtained via a court order and not via search warrant, it was obtained in violation of *Carpenter v. United States*, 138 S. Ct. 2206 (2018). (ECF No. 50, Ex. 1). In September 2018 this Court granted Defendant's Motion. In April 2019, with a jury trial in this matter scheduled to begin in two weeks and following this Court's order in another matter, the United States filed a Motion for Reconsideration. This Motion is now ripe.

## II. Law and Analysis

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. CONST. Amend. IV. When a "search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 134 S. Ct. 2473, 2482 (2014) (internal quotation marks omitted). A warrant "ensures that the inferences to support a search are drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Id.* (internal citation omitted). The Supreme Court has recognized, however, that the warrant requirement may be overcome in some circumstances because "the ultimate touchstone of the Fourth Amendment is reasonableness." *Kentucky v. King*, 563 U.S. 452, 459 (2011) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (internal quotation marks omitted)). For a warrantless search to be valid, the government must show either that the search falls into one of the defined exceptions to the warrant requirement, *see Coolidge v. New Hampshire*, 403 U.S. 443, 474–75 (1971), or that the government obtained voluntary consent from an occupant with authority over the premises, *see Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973)).

When law enforcement officers violate the strictures of the Fourth Amendment, the exclusionary rule generally dictates that evidence obtained as a result of that violation be excluded. *Weeks v. United States*, 232 U.S. 383, 392 (1914). The exclusionary "rule's sole purpose . . . is to deter future Fourth Amendment violations." *Davis v. United States*, 564 U.S. 229, 236 – 37 (2011). In this way, the exclusionary rule, though often spoken of as a "remedy" for a constitutional violation, "is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search." *Id.* at 236. Nevertheless, "[e]xclusion exacts a heavy toll on both the judicial system and society at large." *Davis*, 564

2

U.S. at 237. Thus, "[f]or exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs." *Id.*

In keeping with the exclusionary rule's deterrent purposes and the costs that exclusion imposes, evidence unconstitutionally obtained is admissible if the officers acted "in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984). This good faith exception likewise applies "when an officer acts in objectively reasonable reliance on a statute," subsequently invalidated. *Illinois v. Krull*, 480 U.S. 340, 349 (1987). The good faith exception acknowledges "that the deterrence benefits of exclusion 'var[y] with the culpability of the law enforcement conduct' at issue." *Davis*, 564 U.S. at 238 (quoting *Herring v. United States*, 555 U.S. 135, 143 (2009). Law enforcement conduct that is "deliberate[], reckless[], or gross[ly] negligen[t]," will more readily justify exclusion than "nonculpable, innocent police conduct." *Davis*, 564 U.S. at 240.

Mr. Sands has moved to suppress the cell-site location information because it was obtained without a warrant. Along with the CSLI, law enforcement obtained other records from Mr. Sands's phone, including "records, text and voice messages, images, internet search history, and location data." (ECF No. 50, Ex. 1 at 3). Accordingly, he also moved to suppress the fruits of this search. (*Id.*).

Mr. Sands relies on *Carpenter v. United States*, 138 S. Ct. 2206 (2018). *Carpenter* held that, because the acquisition of CSLI is a search, "the Government must generally obtain a warrant supported by probable cause before acquiring such records." 138 S. Ct. at 2221. Mr. Sands argues that because *Carpenter* requires a warrant for CSLI, law enforcement was required to obtain one here.

3

Prior to *Carpenter*, law enforcement could obtain CSLI by applying for a court order under the SCA if it could "'offer[] specific and articulable facts showing that there are reasonable grounds to believe' that the records sought 'are relevant and material to an ongoing criminal investigation.'" *Carpenter v. United States*, 138 S. Ct. at 2212 (quoting 18 U.S.C. § 2703(d)). The Columbus Police Department followed this procedure here, though *Carpenter* would invalidate it.

Mr. Sands's predicament is that *Carpenter* was not decided until after law enforcement applied for the CSLI in his case – almost exactly one year after, to be precise. Cases after *Carpenter* have either assumed or explicitly found that *Carpenter* is retroactive. *See, e.g., United States v. Leyva*, 2018 WL 6167890 (E.D. Mich. Nov. 26, 2018) (stating that *Carpenter* is retroactive); *United States v. Curtis*, 901 F.3d 846 (7th Cir. 2018) (applying the good faith exception to CSLI obtained before *Carpenter*).

Even though obtaining CSLI without a warrant violates the Fourth Amendment, such evidence need not be suppressed if officers acted in good faith. The overwhelming majority of courts to have considered the issue have applied the good faith exception and allowed the use of CSLI obtained without a warrant before *Carpenter*. *See, e.g., United States v. Curtis*, 901 F.3d 846 (7th Cir. 2018); *United States v. Chavez*, 894 F.3d 593 (4th Cir. 2018); *United States v. Joyner*, 899 F.3d 1199 (11th Cir. 2018); *United States v. Chambers*, 2018 WL 4523607 (2d Cir. Sept. 21, 2018) (unpublished); *United States v. Leyva*, 2018 WL 6167890 (E.D. Mich. Nov. 26, 2018); *United States v. Shaw*, 2018 WL 3721363 (E.D. Ky. Aug. 3, 2018). Against this trend, the Southern District of Texas in *United States v. Beverly*, declined to apply the good faith exception to CSLI obtained before *Carpenter*. *United States v. Beverly*, 2018 WL 5297817 (S.D. Tex. Oct. 25, 2018). The *Beverly* Court reasoned, briefly, that "to apply the good-faith exception

here would render the Fourth Amendment empty" and that "[u]se of the good-faith exception would mean, in essence, that a statute found unconstitutional still applies in every pending case except the one that happened to announce the rule." *Id.* at *2.

While these lower court opinions offer helpful guidance, and this Court finds the reasoning of *Beverly* to be cogent and persuasive, Supreme Court precedent suggests that the good faith exception applies to CSLI obtained without a warrant. In *Krull*, the Supreme Court extended the good faith exception to instances in which law enforcement officers reasonably relied on a statute that was valid at the time, even if later found unconstitutional. *Krull*, 480 U.S. at 349–50. As the Court reasoned in *Krull*, "[u]nless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law." *Id.* In such cases, the exclusionary rule "will not deter future Fourth Amendment violations." *Id.* at 350. The good faith exception also applies to "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent." *Davis*, 564 U.S. at 241.

When law enforcement officers applied for a court order to obtain Mr. Sands's CSLI, neither Sixth Circuit law nor the statute required law enforcement officers to obtain a warrant. Indeed, *Carpenter* was an appeal of the Sixth Circuit case holding that collecting CSLI did not constitute a search. *United States v. Carpenter*, 819 F.3d 880, 888 (6th Cir. 2016). While *Carpenter* was on appeal at the Supreme Court, the Sixth Circuit decided *United States v. Pembrook*. *United States v. Pembrook*, 876 F.3d 812 (6th Cir. 2017). In *Pembrook*, the Sixth Circuit upheld the district court's decision denying suppression of CSLI obtained without a warrant under the good faith exception. *Id.* at 823.

Though this is a close case and this Court finds compelling the logic of *Beverly*, this Court is constrained to find that the good faith exception applies in this case, and the CSLI will

here would render the Fourth Amendment empty" and that "[u]se of the good-faith exception would mean, in essence, that a statute found unconstitutional still applies in every pending case except the one that happened to announce the rule." *Id.* at *2.

While these lower court opinions offer helpful guidance, and this Court finds the reasoning of *Beverly* to be cogent and persuasive, Supreme Court precedent suggests that the good faith exception applies to CSLI obtained without a warrant. In *Krull*, the Supreme Court extended the good faith exception to instances in which law enforcement officers reasonably relied on a statute that was valid at the time, even if later found unconstitutional. *Krull*, 480 U.S. at 349–50. As the Court reasoned in *Krull*, "[u]nless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law." *Id.* In such cases, the exclusionary rule "will not deter future Fourth Amendment violations." *Id.* at 350. The good faith exception also applies to "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent." *Davis*, 564 U.S. at 241.

When law enforcement officers applied for a court order to obtain Mr. Sands's CSLI, neither Sixth Circuit law nor the statute required law enforcement officers to obtain a warrant. Indeed, *Carpenter* was an appeal of the Sixth Circuit case holding that collecting CSLI did not constitute a search. *United States v. Carpenter*, 819 F.3d 880, 888 (6th Cir. 2016). While *Carpenter* was on appeal at the Supreme Court, the Sixth Circuit decided *United States v. Pembrook*. *United States v. Pembrook*, 876 F.3d 812 (6th Cir. 2017). In *Pembrook*, the Sixth Circuit upheld the district court's decision denying suppression of CSLI obtained without a warrant under the good faith exception. *Id.* at 823.

Though this is a close case and this Court finds compelling the logic of *Beverly*, this Court is constrained to find that the good faith exception applies in this case, and the CSLI will

here would render the Fourth Amendment empty" and that "[u]se of the good-faith exception would mean, in essence, that a statute found unconstitutional still applies in every pending case except the one that happened to announce the rule." *Id.* at *2.

While these lower court opinions offer helpful guidance, and this Court finds the reasoning of *Beverly* to be cogent and persuasive, Supreme Court precedent suggests that the good faith exception applies to CSLI obtained without a warrant. In *Krull*, the Supreme Court extended the good faith exception to instances in which law enforcement officers reasonably relied on a statute that was valid at the time, even if later found unconstitutional. *Krull*, 480 U.S. at 349–50. As the Court reasoned in *Krull*, "[u]nless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law." *Id.* In such cases, the exclusionary rule "will not deter future Fourth Amendment violations." *Id.* at 350. The good faith exception also applies to "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent." *Davis*, 564 U.S. at 241.

When law enforcement officers applied for a court order to obtain Mr. Sands's CSLI, neither Sixth Circuit law nor the statute required law enforcement officers to obtain a warrant. Indeed, *Carpenter* was an appeal of the Sixth Circuit case holding that collecting CSLI did not constitute a search. *United States v. Carpenter*, 819 F.3d 880, 888 (6th Cir. 2016). While *Carpenter* was on appeal at the Supreme Court, the Sixth Circuit decided *United States v. Pembrook*. *United States v. Pembrook*, 876 F.3d 812 (6th Cir. 2017). In *Pembrook*, the Sixth Circuit upheld the district court's decision denying suppression of CSLI obtained without a warrant under the good faith exception. *Id.* at 823.

Though this is a close case and this Court finds compelling the logic of *Beverly*, this Court is constrained to find that the good faith exception applies in this case, and the CSLI will

not be suppressed even though obtained without a warrant. Law enforcement officers followed the procedure set out by a statute and complied with Sixth Circuit law at the time. *Krull* and *Davis* establish that the good faith exception applies in such circumstances.

### III. Conclusion

For the forgoing reasons, the United States's Motion is **GRANTED**. The cell-site location information, obtained pursuant to court order before *Carpenter* was decided, is admissible at trial.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 30, 2019**